UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| H. DENNIS HYMAN,<br>A43 093 871<br><br>    Plaintiff,<br><br>v.<br><br>RUTH DOROCHOFF, District Director,<br>U.S. Citizenship & Immigration Services<br>Chicago District Office, and MICHAEL<br>CHERTOFF, Secretary, Department of<br>Homeland Security,<br><br>    Defendants. | FILED: AUG 14, 2008<br>Case No. 08 CV 4624<br>JUDGE PALLMEYER<br>MAGISTRATE JUDGE ASHMAN<br>RCC |

**PETITION FOR HEARING ON
APPLICATION FOR NATURALIZATION and
PETITION FOR WRIT OF MANDAMUS**

    The Plaintiff, H. DENNIS HYMAN, by and through his own and proper person, and through his attorney, JUSTIN R. BURTON, of the LAW OFFICES OF KRIEZELMAN BURTON & ASSOCIATES, LLC, moves this Honorable Court for a *de novo* hearing on his application for naturalization pursuant to 8 U.S.C. section 1447(b), and, in the alternative, for a Writ of Mandamus directing the U.S. Citizenship and Immigration Services ("USCIS") to adjudicate the application, and in support thereof, states as follows:

    1.    That Plaintiff, H. DENNIS HYMAN, a native and citizen of Jamaica was born on July 8, 1971.  On December 9, 1991, Plaintiff was granted his U.S. lawful permanent resident status.  He has resided continuously in the United States since that admission.

2. That Plaintiff filed his application for naturalization with U.S. Citizenship and Immigration Services ("USCIS") on or about November 30, 2005, and further, that Plaintiff was interviewed on said application on October 23, 2006.

3. That no decision has yet been rendered on said application for naturalization.

## JURISDICTION AND VENUE

4. That Plaintiff is thirty-seven (37) years of age and resides in the village of Mount Prospect, county of Cook, state of Illinois, within the Northern District of Illinois.

5. That Defendants maintain their offices in this district and the USCIS office in this district is responsible for adjudicating the Plaintiff's application.

6. That this honorable Court has jurisdiction over the instant petition for hearing on the application for naturalization because this petition is brought more than 120 days after the Service's examination of Plaintiff on his application for naturalization pursuant to 8 U.S.C. § 1446, and no decision has yet been rendered. 8 U.S.C. § 1447(b).

7. That this honorable Court has jurisdiction over this petition for a Writ of Mandamus pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) in conjunction with 28 U.S.C. § 1361 (mandamus), the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b), and the Immigration and Nationality Act ("INA") and its implementing regulations, found at Title 8 of the Code of Federal Regulations.

8. That under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. § 1331 because this action arises

under 28 U.S.C. § 1361, the APA (5 U.S.C. §§ 555(b), 702), and the Immigration and Nationality Act and implementing regulations.

9. That under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

10. Both the regulations and the INA provide numerous examples of duties owed by both USCIS and the FBI in the naturalization process. The INA states that the employee designated to conduct an examination on a naturalization application "*shall* make a determination as to whether the application should be granted or denied, with reasons therefor." 8 U.S.C. § 1446(d) (emphasis added). The Regulations state, "The Service officer shall grant the application if the applicant has complied with all requirements for naturalization." 8 C.F.R. §335.3(a). The language of the statute and regulations is mandatory, not discretionary, and requires Defendants to adjudicate the application for naturalization. Because of this duty and the Plaintiff's correlative right to have his application adjudicated, jurisdiction vests in mandamus before this Court. *Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002).

11. That the APA requires USCIS to carry out its duties within a reasonable time. Specifically, 5 U.S.C. section 555(b) states, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS is a federal administrative agency and is therefore subject to 5 U.S.C. section 555(b). Plaintiff contends that the delays in processing his application for

3

naturalization and scheduling an oath for swearing in as a citizen of the United States are unreasonable.

## PARTIES

12. That Plaintiff is a citizen of Jamaica who has been a legal permanent resident of the United States since December 9, 1991, and who filed an application for naturalization, Form N-400, with USCIS on or about November, 2005.

13. That Michael Chertoff is sued only in his official capacity as Secretary of the Department of Homeland Security.

14. That Defendant, Ruth Dorochoff, is sued in her official capacity only. She is the Chicago District Director of USCIS. As such, she is the Attorney General's designate for the Chicago District, charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS.

## FACTUAL HISTORY

15. That Plaintiff, H. DENNIS HYMAN, a Jamaican citizen, received his lawful permanent resident status on or about December 9, 1991, through his lawful permanent resident mother.

16. That Plaintiff has remained in the United States continuously since U.S. Citizenship & Immigration Services accorded him such status.

17. That Plaintiff has three U.S. citizen children, two of whom reside with him, and one he financially supports.

18. That in 1995, Plaintiff was convicted of carrying or possessing a firearm, in violation of 720 ILCS 5/24-1(A)(4) and was sentenced to one year conditional

        discharge. Further, that Plaintiff has never been arrested for or convicted of any other crime.

19.    That Plaintiff filed his application for naturalization on or about November, 2005, with the USCIS District Office located in Chicago, Illinois, in whose district he resided.

20.    That Plaintiff was examined by U.S. Citizenship & Immigration Services on October 23, 2006, pursuant to his naturalization application in Chicago, Illinois, and at the time of examination, all requirements were met including answering the civics questions, reading and writing in the English language and conversing in English with the Immigration Officer.

21.    That a decision has not yet been made on Plaintiff's naturalization application.

22.    That Plaintiff has inquired multiple times regarding the status of his naturalization application, requesting USCIS to issue a decision on his application.

23.    That Plaintiff has further requested multiple times that if the decision on his application is negative due to his criminal offense, he be issued a Notice to Appear, which would place Plaintiff before an Immigration Judge and allow him to seek relief from removal.

24.    That Plaintiff has not received an answer to any of his status inquiries, nor his requests that USCIS complete adjudication and issue a Notice to Appear if it denies the application.

**RELEVANT LAW**

25.    That if there is a failure to make a determination on a naturalization application before the end of the 120-day period after the date of examination, an applicant

may apply to the district court for a hearing on the matter. The court may either determine the matter or remand the matter, with appropriate instructions, to the USCIS to determine the matter. 8 U.S.C. § 1447(b).

26. That your Plaintiff remains eligible to naturalize pursuant to 8 U.S.C. section 1427, including having been a permanent resident for five years, present in the United States for at least half that time, and a person of good moral character for the five years immediately preceding filing the application.

27. That Plaintiff remains a person of good moral character as defined by 8 U.S.C. sections 1427(e).

28. That the offense of which Plaintiff was convicted was well over five years prior to the filing of his naturalization application, and further, that the offense does not fall into any of the categories of crimes which may exclude him from establishing good moral character. 8 U.S.C. § 1101(f).

## **REQUEST FOR RELIEF**

(Hearing on the naturalization application)

29. The allegations contained in paragraphs 1 through 28 above are repeated and re-alleged as though fully set forth herein.

30. That Plaintiff meets the statutory requirements of eligibility for naturalization under the Immigration and Nationality Act.

31. That Plaintiff has resided in the United States for over five (5) years continuously as a lawful permanent resident, has met the civics and writing requirements, and remains a person of good moral character.

32. That USCIS did not deny the underlying application for naturalization on ineligibility grounds. Further, USCIS did not deny the subject application on grounds that Plaintiff lacked good moral character.

33. That USCIS has not adjudicated this matter within 120 days or even in a reasonable timetable as Plaintiff was interviewed on the subject application nearly two years ago.

(Unreasonable delay)

34. The allegations contained in paragraphs 1 through 28 above are repeated and re-alleged as though fully set forth herein.

35. That the Defendants have willfully and unreasonably delayed and have refused to adjudicate the N-400 application for naturalization.

36. That the delay in adjudicating the application is not attributable to Plaintiff.

37. That the Defendants owe Plaintiff a duty to adjudicate the application and have unreasonably failed to perform that duty. This duty is owed under the Immigration and Nationality Act and implementing regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the application.

38. That the delay is unreasonable per se.

39. That the delay is unreasonable in light of the time frame Congress imposed on USCIS in adjudication of applications for naturalizations. 8 U.S.C. § 1447(b).

40. That the delay is unreasonable in light of the fact that upon information and belief, as a result of the delay, Plaintiff will have to be fingerprinted again in order

      to have the application for naturalization adjudicated. Since USCIS has made no efforts to fingerprint him again, his case is in an indefinite administrative limbo.

41.    That the delay is unreasonable in light of the fact that USCIS has been unable to adequately respond to any of the Plaintiff's inquiries on his application, or to issue a Notice to Appear.

42.    That by making numerous inquiries on the status of the application, Plaintiff has exhausted any and all administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and lack of ability or willingness to adjudicate Plaintiff's application for naturalization and/or issue him a Notice to Appear.

43.    That as a result of Defendants' delay, Plaintiff has been prejudiced in that he cannot receive a successful adjudication of his application and a decision as to whether he can become a citizen of the United States, with all of the rights and privileges accorded to such status, or a negative adjudication and issuance of a Notice to Appear, which would allow Plaintiff to finally address his prior conviction and apply for relief from removal.

WHEREFORE, for those reasons set out above, your Plaintiff, H. DENNIS HYMAN, through counsel, prays that this Honorable Court:

    A.    Grant a *de novo* review of the subject application for naturalization;

    B.    Grant his application for naturalization to that of a United States citizen;

    C.    Alternatively, compel the Defendants to perform their duties to adjudicate the application for naturalization within a specific timeframe;

    D.    Grant such other and further relief as is fair, just and equitable in the premises.

    Respectfully Submitted,
    H. Dennis Hyman

    By: ___s/ Justin Burton
    One of his attorneys


JUSTIN BURTON, Esq.
KRIEZELMAN BURTON & ASSOCIATES, LLC
20 North Clark Street, Suite 725
Chicago, Illinois 60612
(312) 332-2550 / Attorney # 6271142

## **VERIFICATION**

JUSTIN R. BURTON, under penalty of perjury, states the following:

1. I am an attorney admitted to practice before this Court. I am a partner of Kriezelman Burton & Associates, LLC, the attorneys for the Plaintiff in the foregoing Complaint.

2. I affirm the truth of the contents of the foregoing Petition upon information and belief. The sources of my information and belief are documents provided to me by and conversations with the Plaintiff.


Dated:  Chicago, Illinois
        August 14, 2008


                          _s/ Justin R. Burton_____
                          Justin R. Burton
                          #6271142

**CERTIFICATE OF SERVICE**

      I, JUSTIN R. BURTON, Esq., attorney for Plaintiff, do certify that on August 14, 2008, I served a copy of the attached **Petition for Hearing on Naturalization Application and Petition for Writ of Mandamus** to the following:

Michael Chertoff, Secretary
Office of General Counsel
U.S. Department of Homeland Security
Washington, DC 20528

Ruth Dorochoff
District Director
U.S. Citizenship & Immigration Services
101 West Congress Parkway
Chicago, Illinois  60605

Michael B. Mukasey
Attorney General
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, D.C. 20530

Office of the U.S. Attorney
219 South Dearborn Street, 5th floor
Chicago, Illinois 60604


                                                    __s/Justin R. Burton
                                                      Justin R. Burton, Esq.



Justin R. Burton, Esq.
KRIEZELMAN, BURTON & ASSOCIATES,LLC
20 North Clark Street – Suite 725
Chicago, Illinois  60602
(312) 332-2550